IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| JOHN R. & MARY J. BEGLEY, | ) | |
| | ) | CASE NO. BK09-80718-TLS |
| Debtor(s). | ) | A09-8027-TLS |
| JOHN R. & MARY J. BEGLEY, | ) | |
| | ) | |
| Plaintiffs, | ) | CH. 13 |
| | ) | |
| vs. | ) | |
| | ) | |
| AMERICAN NATIONAL BANK and | ) | |
| UNITED STATES OF AMERICA | ) | |
| SMALL BUSINESS ADMINISTRATION, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

This matter is before the court on the debtor plaintiffs' motion for summary judgment (Fil. #7). No resistance was filed. Henry N. Carriger represents the debtors, James B. Cavanagh represents American National Bank, and Gregg J. Stratman represents the Small Business Administration. The plaintiffs filed evidence and a brief, and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

The debtors filed this adversary proceeding to strip off the third lien on their residence, held by American National Bank and guaranteed by the U.S. Small Business Administration ("SBA"). There were five liens against the property:

1.  Wells Fargo Bank                              $   223,362.53
2.  American National Bank                        $    74,833.04
3.  American National Bank                        $   321,544.60
4.  Nebraska Furniture Mart judgment lien         $     1,227.00
5.  Universal Restoration, Inc., judgment lien    $    23,788.08

The house has recently been appraised at $235,000.00, which is less than the total of the first two liens against it. The debtors assert that the third lien is void or voidable under 11 U.S.C. § 506(d). The judgment liens of Nebraska Furniture Mart and Universal Restoration have been avoided.

Debtors in Chapter 13 may "strip off" or wholly avoid the lien of a junior mortgagee where there is no equity securing its security interest in the property. This question has already been decided in this jurisdiction by *In re Sanders*, 202 B.R. 986 (Bankr. D. Neb. 1996). *See also In re Valentine*, Case No. BK07-40039-TLS (Bankr. D. Neb. Mar. 27, 2007).

In *Sanders*, the junior mortgagee argued that avoidance of its lien in the Chapter 13 plan would impermissibly modify its rights as a holder of a claim secured by a security interest in the debtors' personal residence under 11 U.S.C. § 1322(b)(2).

The Bankruptcy Code provides:

(b) Subject to subsections (a) and (c) of this section, the plan may —
> . . . .
> (2) modify the rights of holders of secured claims, *other than a claim secured only by a security interest in real property that is the debtor's principal residence*, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims[.]

11 U.S.C. § 1322(b)(2) (emphasis supplied).

The *Sanders* court found that in order for § 1322(b)(2) to control, the lien creditor must have a wholly or partially secured lien under a § 506(a) analysis of the claim:

> However, the § 506(a) analysis approved of by the [*Nobelman*] court would be superfluous if any claim secured by a lien on the debtor's principal residence were protected by the anti-modification provision. In other words, there would be no need for a § 506(a) analysis if fully secured, partially secured, and totally unsecured home mortgage lienholders all received the protection of the anti-modification provision, because in that instance any value assigned to the lienholder's claim components would be irrelevant in the treatment of the claim under § 1322(b)(2).

*Sanders*, 202 B.R. at 990.

In the current case, there is no dispute that the third lien is wholly unsecured. Accordingly, American National Bank's third-position lien may be stripped off. This court is not alone in determining that a Chapter 13 debtor may strip off a junior mortgagee's wholly unsecured lien. *See Pond v. Farm Specialist Realty (In re Pond)*, 252 F.3d 122 (2d Cir. 2001); *McDonald v. Master Fin., Inc. (In re McDonald)*, 205 F.3d 606 (3d Cir. 2000); *Bartee v. Tara Colony Homeowners Ass'n (In re Bartee)*, 212 F.3d 277 (5th Cir. 2000); *Lane v. W. Interstate Bancorp (In re Lane)*, 280 F.3d 663, (6th Cir. 2002); *Zimmer v. PSB Lending Corp. (In re Zimmer)*, 313 F.3d 1220 (9th Cir. 2002); *Tanner v. FirstPlus Fin., Inc. (In re Tanner)*, 217 F.3d 1357 (11th Cir. 2000); *Johnson v. Asset Mgmt. Group, L.L.C. (In re Johnson)*, 226 B.R. 364 (D. Md. 1998); *Domestic Bank v. Mann (In re*

*Mann)*, 249 B.R. 831 (B.A.P. 1st Cir. 2000); *Griffey v. U.S. Bank (In re Griffey)*, 335 B.R. 166 (B.A.P. 10th Cir. 2005); *Lam v. Investors Thrift (In re Lam)*, 211 B.R. 36, 41 (B.A.P. 9th Cir. 1997).

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); *Aviation Charter, Inc. v. Aviation Research Group/US*, 416 F.3d 864, 868 (8th Cir. 2005); *Ferris, Baker Watts, Inc. v. Stephenson (In re MJK Clearing, Inc.)*, 371 F.3d 397, 401 (8th Cir. 2004).

To withstand a motion for summary judgment, the non-moving party "has an affirmative burden to designate specific facts creating a triable controversy." *Crossley v. Georgia-Pac. Corp.*, 355 F.3d 1112, 1113 (8th Cir. 2004) (internal citations omitted). Failure to oppose a basis for summary judgment constitutes a waiver of that argument. *Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs.*, 558 F.3d 731, 734-35 (8th Cir. 2009). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

No material facts are in dispute. The debtor plaintiffs may strip off the wholly unsecured lien held by American National Bank and guaranteed by the SBA, for the purposes of the Chapter 13 plan. However, the third lien shall not be avoided until the plaintiffs complete the Chapter 13 plan in its entirety. In the event the Chapter 13 case is converted or dismissed prior to plan completion, American National Bank would continue to hold a valid and unavoided lien secured by the plaintiffs' residential real property. For this reason no documentation of lien avoidance need or shall be recorded until such time as the plaintiffs successfully complete the Chapter 13 plan.

IT IS ORDERED: The debtor plaintiffs' motion for summary judgment (Fil. #7) is granted. Separate judgment will be entered.

DATED: July 15, 2009.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
   *Henry M. Carriger
   James B. Cavanagh
   Gregg J. Stratman
   U.S. Trustee
Movant (*) is responsible for giving notice to other parties if required by rule or statute.